In the Matter of M. FARBMAN & SONS, INC., Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Appellants.

First Department, July 14, 1983

APPEARANCES OF COUNSEL

*Helen P. Brown* of counsel (*Michael Gage* with her on the brief; *Frederick A. O. Schwarz, Jr., Corporation Counsel,* attorney), for appellants.

*Thomas G. DeLuca* of counsel (*Postner & Rubin,* attorneys), for respondent.

**OPINION OF THE COURT**

Ross, J.

On November 25, 1977, M. Farbman & Sons, Inc. (petitioner) entered into a contract with the New York City Health and Hospitals Corporation (HHC) for the installation of plumbing, as part of the renovation of "K" Building

at Harlem Hospital, located in Manhattan. The original contract price was $273,421. However, a change order raised that amount to $336,063. The contract completion date was May 18, 1979; but, petitioner did not actually finish until November 12, 1980. Petitioner contends this delay was the fault of HHC. As a result of the delay, petitioner claims damages of $233,035.

Thereafter, petitioner's counsel sent a letter, dated April 13, 1981, to HHC requesting permission, pursuant to the Freedom of Information Law (FOIL),[1] to examine 14 separate categories of records, which encompassed most of the approximately 5,000 documents pertaining to the project. HHC responded by letter, dated May 21, 1981, and in pertinent part advised petitioner:

"We have carefully examined the scope of your request for access. Our Director of Construction Management contacted * * * [petitioner] to ascertain what specific documents relating to Corporate determinations were being sought, so that we might be responsive to your request. He was advised by your [petitioner's] office that only access *to all records of all kinds without limitation regarding the entire contract would suffice.*

"The Corporation has determined that the scope of your request goes beyond the limits and objectives of [FOIL] and that accordingly, we are compelled to deny your request as stated in your letter of April 13, 1981" (emphasis added).

Using the appellate procedure provided in FOIL,[2] petitioner appealed to the president of HHC and on July 8, 1981 he affirmed the denial. Having exhausted its administrative remedies, petitioner on July 29, 1981 commenced the instant CPLR article 78 proceeding.

In its papers, petitioner revealed that the purpose of its request for documents under FOIL was to obtain documentation for a claim it intended to make to HHC concerning the Harlem Hospital contract. HHC's answer to the petition alleged that petitioner was using FOIL to try and circumvent the discovery provisions of the CPLR. Incidentally, if petitioner in good faith actually needed certain

1. New York State Public Officers Law, §§ 84-90.
2. Public Officers Law, § 89, subd 4.

documentation possessed by HHC to formulate its complaint, the petitioner could have moved under CPLR 3102 (subd [c]) to obtain it.

While this proceeding was *sub judice,* on April 20, 1982, petitioner served a summons and complaint on HHC to recover damages incurred as a result of HHC's alleged fault.

We held in *Arzuaga v New York City Tr. Auth.* (73 AD2d 518, 519) that, once litigation is commenced FOIL is "not intended to afford a new research tool to private litigants in matters not affected by a public interest (*Matter of D'Alessandro v Unemployment Ins. Appeal Bd.,* 56 AD2d 762, 763) * * * [nor is it a] shortcut to the Civil Practice Law and Rules discovery procedures". A little more than a year ago we reiterated in *Brady & Co. v City of New York* (84 AD2d 113, mot for lv to app dsmd 56 NY2d 711) our continually unanimous position against the use of FOIL to further in-progress litigation.

Upon the basis of the position taken by this court, we find that Special Term erred when, after litigation had begun, it held that there was merit to petitioner's FOIL request. We reject Special Term's conclusion that the Court of Appeals decision in *Matter of John P. v Whalen* (54 NY2d 89) has any relevance to the issue involved herein. That case is distinguishable. Unlike this petitioner which is seeking to recover damages for breach of contract, the petitioner in *Matter of John P. v Whalen (supra)* was a doctor who was under investigation by the State Board of Professional Medical Conduct.

Since HHC has furnished a number of documents to petitioner, in the breach of contract case, the number of items still sought by petitioner, pursuant to their FOIL request, has been pared down to five. These are:

"1. All correspondence and memoranda with and between the contractors.

"2. All correspondence and memoranda with and between the Health and Hospitals Corporation staff, the Hospital staff, and the Design and Construction Management staff.

"3. All correspondence and memoranda with and between the Health and Hospitals Corporation, the grant agency, and all other city and state agencies.

"4. All correspondence and memoranda with and between the New York State Department of Health, the New York City Mental Health Agency, and other supervising agencies * * *

"13. All pre contract correspondence, memoranda and reports pertaining to the formulation and preparation of the construction schedule, Drawing CS-1, in the contract documents."

"We note, parenthetically, that were this to be deemed a notice for discovery pursuant to CPLR 3120, it would have to be stricken as overly broad in scope" (*Arzuaga v New York City Tr. Auth., supra,* at p 519). The "use of the [word] 'All' * * * renders a request or notice for production under CPLR 3120 'palpably improper'" (*City of New York v Friedberg & Assoc.,* 62 AD2d 407, 410).

Of the five items listed *supra* that petitioner requested under FOIL, section 87 (subd 2, par [g]) of the Public Officers Law exempts items 2, 3, and 4 from access because they "are inter-agency or intra-agency materials which are not:

"i. statistical or factual tabulations or data;

"ii. instructions to staff that affect the public; or,

"iii. final agency policy or determinations".

This court has held that CPLR 3120 requires a degree of specificity in a notice of discovery. We have frequently condemned "[t]he shot-gun approach to disclosure employed by" defendant (*City of New York v Friedberg & Assoc., supra,* at p 410). In our opinion this test of specificity is equally applicable to petitioner's request, made pursuant to FOIL.

To recapitulate. Petitioner is involved in a private lawsuit. Our review of the record leads us to conclude that none of the documents requested by petitioner involve "[t]he people's right to know the process of governmental decision-making * * * leading to determinations is basic to our society" (Public Officers Law, § 84). The credible evi-

dence contained in this record compels us to find that petitioner employed FOIL improperly.

Accordingly, the order, Supreme Court, New York County (EDWARD H. LEHNER, J.), entered on December 7, 1982, granting renewal and reargument of its prior determination and, upon such renewal and reargument, adhering to the original order and judgment (one paper), which was entered on July 9, 1982, should be modified, on the law and the facts, to the extent of reversing said order and judgment, judgment vacated, petition dismissed and determination of the New York Health and Hospitals Corp., which denied access to certain material requested by M. Farbman & Sons, Inc., under the Freedom of Information Law reinstated and said order otherwise affirmed, without costs.

KUPFERMAN, J. P., SANDLER, ASCH and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on December 7, 1982, unanimously modified, on the law and the facts, to the extent of reversing the order and judgment (one paper) of said court entered on July 9, 1982, judgment vacated, petition dismissed, and determination of the New York Health and Hospitals Corp., which denied access to certain material requested by M. Farbman & Sons, Inc., under the Freedom of Information Law reinstated and said order otherwise affirmed, without costs and without disbursements.