■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUNICE DAVIS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered June 9, 1982, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this appeal, defendant contends, *inter alia,* that his statement to the police, namely, "I know about it. It was me" should have been suppressed since it was made prior to any *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436) in response to police questioning that "was tantamount to a custodial interrogation". We cannot agree.

It is well settled that whether a defendant was in police custody and therefore not free to go is not determined by the individual defendant's subjective beliefs; rather, the determinative test is "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (*People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *see, Matter of Kwok T.,* 43 NY2d 213, 219-220). The record at bar indicates that the police responded to the scene of a stabbing, obtained a description of the assailant and at the direction of an unidentified person, proceeded to a nearby house, where they were invited in by a woman who answered the door. The record also reveals that in observing the defendant, one of the two police officers merely asked him if "he knew anything about the stabbing that occurred down the street a little while ago", in response to which the defendant spontaneously volunteered the statement in question, "I know about it. It was me". Under these circumstances, Criminal Term could well find that a reasonable man, innocent of any crime, would not have believed himself to be in custody, that the police officer's question was purely investigative and that *Miranda* warnings were not required to be given (*see, People v Yukl, supra; Matter of Kwok T., supra*). Hence, suppression of the statement was properly denied (*see, People v Oates,* 104 AD2d 907; *People v Torres,* 97 AD2d 802).

We have considered defendant's remaining contentions and find them to be either unpreserved for review or lacking in merit. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.