■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIS BLOUNT, Appellant. — Appeal by defendant from a judg-

ment of the Supreme Court, Queens County (Agresta, J.), rendered March 3, 1983, convicting him of rape in the first degree, burglary in the first degree (two counts) and robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant claims, *inter alia,* that his inculpatory statements to the police were made involuntarily, as a result of police coercion; and further, that he had not been advised of his *Miranda* rights before making the statements. These claims were fully addressed at the pretrial suppression hearing, and were rejected by the hearing court. The hearing court's determination of voluntariness is overwhelmingly supported by the credible and consistent testimony of the police officers, and by defendant's own videotaped statement, wherein he was fully advised of his *Miranda* rights and stated that he understood them and wished to answer questions without an attorney present (*see, People v Epps,* 104 AD2d 1047). The hearing court was faced with a question of credibility, and had the opportunity to assess the demeanor of the witnesses and to weigh the testimony first hand. We perceive no basis to overturn its determination (*see, People v Armstead,* 98 AD2d 726; *People v Vail,* 90 AD2d 917).

Viewing the evidence in a light most favorable to the prosecution, as we must (*see, People v Contes,* 60 NY2d 620, 621, quoting *Jackson v Virginia,* 443 US 307, 319), we find that the evidence was sufficient to support the jury's verdict in all respects. To the extent that defendant's numerous other contentions are based on matters contained in the record, they have been examined and found to be devoid of merit. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.