■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT DORSEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered December 15, 1982, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Dubin, J.), of that branch of the defendant's omnibus motion which was to suppress statements.

Judgment affirmed.

We have reviewed the record of the *Huntley* hearing and conclude that the defendant was not in custody when he initially confessed to a detective at the crime scene, which was also the defendant's place of employment. At that point, the defendant's freedom of action had not been abridged in any significant manner *(People v Rodney P.,* 21 NY2d 1, 9), and a reasonable person, innocent of any crime, would not have believed that he was in custody had he been in the defendant's position *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Davis,* 109 AD2d 846; *People v Oates,* 104 AD2d 907, 910). Therefore, it cannot be said that the initial confession was the product of an arrest for which the police lacked probable cause. It appears, rather, that the defendant was not taken into custody until after he had confessed, at which point there was ample probable cause to support the arrest. Moreover, because the confession was made in a non-custodial setting, the administration of *Miranda* warnings by the detective immediately prior thereto appears to have been made out of "an excess of caution" on his part *(People v Smith,* 62 NY2d 306, 312, n 2; *see, People v Oates,* 104 AD2d 907, 911, *supra),* and the defendant's challenge to the sufficiency of those warnings and his corresponding waivers, is of no avail.

After he was taken into custody and transported to the police precinct, the defendant was again advised of his rights by an Assistant District Attorney. The admonitions and ensuing confession were recorded, and the tape thereof was introduced and played at the *Huntley* hearing. We have listened to the tape and find that the defendant's rights were fully conveyed to him as required by *Miranda v Arizona* (384 US 436), and the defendant stated clearly and unequivocally that he fully understood them and wished to make a statement without an attorney being present. The tape, in conjunction

with the testimony of the arresting detective, which was credible and uncontroverted, demonstrates that the defendant made a knowing and intelligent waiver of his rights *(see, People v Spivack,* 111 AD2d 884; *People v Blount,* 111 AD2d 863; *People v Epps,* 104 AD2d 1047). Although the defendant's expert witness testified that the defendant was moderately mentally retarded and unable to understand the abstract concepts of the *Miranda* warnings, the record establishes that his mental condition did not prevent him from grasping the immediate import of the warnings *(see, People v Williams,* 62 NY2d 285, 287, 289; *see also, People v Sanchez,* 109 AD2d 761).

Finally, the sentence was not unduly harsh or excessive *(People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.