■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE AVILEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered July 11, 1980, convicting him of murder (two counts), manslaughter in the first degree (two counts), burglary in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress certain statements made by him to the police.

Judgment affirmed.

The defendant contends on this appeal that the court erred in denying his motion to suppress certain statements he made subsequent to his arrest. We disagree.

Although the *Huntley* hearing antedated *Dunaway v New York* (442 US 200), and, therefore, the court erroneously held that the defendant could be detained for questioning on less than probable cause, a review of the record indicates that there was probable cause to arrest him. The defendant was an employee of a restaurant owned by one of the victims and resided, along with the deceased, on the establishment's grounds. The defendant had been having an ongoing dispute with the restaurant's owner and had not been seen since the discovery of the bodies. A car belonging to one of the victims was found abandoned in a nearby town, where a man whom the defendant viewed as a father resided. The defendant told his "father" that he had argued with his boss and he falsely stated that he had been fired. Finally, certain items recovered from the murder scene were identified by restaurant employ-

ees as belonging to the defendant. The authorities' knowledge of these facts sufficed to justify their arrest of the defendant.

We also reject the defendant's contention that because of his low level of intelligence and psychiatric history he was unable to knowingly and intelligently waive his *Miranda* rights before making the statements introduced into evidence. To constitute an effective waiver, it is not necessary that a defendant comprehend the import of the *Miranda* warnings in the abstract, so long as he is able to understand the immediate meaning of the warnings *(see, People v Williams,* 62 NY2d 285, 287; *People v Dorsey,* 118 AD2d 653). The interrogating police officer testified that the defendant answered his questions responsively and quietly, and did not exhibit any confusion or lack of comprehension. A psychiatrist who examined the defendant testified that the defendant would be able to understand the various components of the *Miranda* warnings.

Accordingly, the denial of the defendant's motion to suppress his statements from evidence was correct. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.