■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CHIRSE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered July 17, 1985, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

We reject the defendant's contention that because of his low level of intelligence, he was unable to knowingly and intelligently waive his *Miranda* rights before giving the statements that were introduced into evidence. The defendant's own expert testified that he was able to understand the immediate meaning of the warnings *(see, People v Williams,* 62 NY2d 285, 287; *People v Avilez,* 121 AD2d 391, *lv denied* 68 NY2d 767; *People v Dorsey,* 118 AD2d 653, *lv denied* 67 NY2d 1052). Nor was any evidence adduced at the suppression hearing to support the defendant's contention that his statements were the product of coercion or the promise of leniency in exchange

for cooperation *(cf., People v Anderson,* 42 NY2d 35; *People v Urowsky,* 89 AD2d 520). Moreover, the defendant was not arrested in his home and the evidence presented only indicated that the defendant was arrested at the apartment of an acquaintance where he may have slept on the night preceding his arrest. This evidence, without more, was insufficient to establish a reasonable expectation of privacy *(see, People v Scott,* 124 AD2d 684, *lv denied* 69 NY2d 833; *People v De Moss,* 106 AD2d 395, 398). There is no merit to the defendant's contention that the marital privilege (CPLR 4502 [b]) should have attached to communications made to his girlfriend prior to their marriage. Finally, the sentence imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Niehoff, J. P., Lawrence, Weinstein, and Kunzeman, JJ., concur.