■ In the Matter of FREDERICK THOMPSON, Appellant, v PETER A. WEINSTEIN, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to disclose certain Grand Jury testimony and a witness's criminal record, the petitioner appeals from a judgment of the Supreme Court, Kings County (Moskowitz, J.), dated February 5, 1988, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed that branch of the petition which was to compel the respondent to make available to the petitioner the particulars of any criminal convictions and any pending criminal actions against the witness in question and substituting therefor a provision granting that branch of the petition; as so modified, the

judgment is affirmed, without costs or disbursements, and the respondent shall provide the petitioner with the particulars of the witness's criminal convictions and any criminal actions pending against the witness within 30 days after service upon the respondent of a copy of this decision and order, with notice of entry.

Pursuant to the Freedom of Information Law (Public Officers Law art 6), all governmental agency records are presumptively available for public inspection without consideration of the "status, need, good faith or purpose of the applicant requesting access" *(Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse,* 65 NY2d 294, 296). While the petitioner is not entitled to the Grand Jury testimony requested *(see, Matter of Allen v Strojnowski,* 129 AD2d 700), the criminal convictions and any pending criminal action against the witness in question do not fall within the invasion of privacy exception to the disclosure provisions of the Freedom of Information Law since they are matters of public record *(see, Matter of Kwitny v McGuire,* 102 Misc 2d 124, *affd* 77 AD2d 839, *affd* 53 NY2d 968). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.