■ In the Matter of BILLY BILLUPS, Appellant, v JOHN J. SANTUCCI, as District Attorney of Queens County, Respondent. —In a proceeding pursuant to CPLR article 78 to review a determination of the District Attorney, Queens County, dated February 6, 1981, which denied the petitioner's request for disclosure pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.),* the petitioner appeals from a judgment of the Supreme Court, Queens County (Dubin, J.), dated June 26, 1981, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted and the determination is annulled, to the extent that the District Attorney, Queens County, is directed to produce all the documents requested by the petitioner in his Freedom of Information request for an in camera inspection in the Supreme Court, Queens County; and it is further,

Ordered that the matter is remitted for such an in camera inspection, together with such further proceedings as the Supreme Court, in its discretion, shall consider appropriate, in accordance with the following order and decision.

The Supreme Court erred in dismissing the petition on the ground that much or all of the material sought in this proceeding could have been obtained by the petitioner in his status as a defendant in a previously pending criminal prosecution (see, *Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, *revg* 94 AD2d 576; *Matter of Moore v Santucci,* 151 AD2d 677; *Matter of Thompson v Weinstein,* 150 AD2d 782). The respondent failed to produce any evidence from which the Supreme Court could properly conclude that any of the requested documents are protected from disclosure pursuant to any of the several exemptions contained in the Freedom of Information Law (see, *e.g.,* Public Officers Law § 87 [2] [e], [f], [g]). Also, the respondent failed to meet his burden of showing precisely which, if any, of the documents requested have been previously furnished to the petitioner or his attorney (see, *Matter of Moore v Santucci, supra).*

However, in light of the probability that some of the information requested by the petitioner might be protected from disclosure pursuant to such specific statutory exemptions (see generally, *Matter of Moore v Santucci, supra; Matter of Allen v Strojnowski,* 129 AD2d 700), the matter should be remitted in order to allow the Supreme Court, prior to the issuance of a final judgment, to inspect the requested documents, in camera, and to determine which documents are properly subject to disclosure (see, *Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,* at 83). The Supreme Court may also determine, in accordance with the standards outlined in *Matter of Moore v Santucci,* whether any of the documents in question have already been furnished to, and remain in the possession of, either the petitioner or his attorney.

In connection with this in camera inspection, the Supreme Court may, in its discretion, direct the respondent to index the documents produced so as to facilitate the identification of those which are claimed to be exempt from disclosure, and it may also direct the respondent to produce the "detailed affidavits" necessary to determine whether such claims of exemption have any basis (see, *Matter of Miracle Mile Assocs. v Yudelson,* 68 AD2d 176, 179). After determining the proper scope of disclosure, the Supreme Court may then direct that the respondent prepare copies of those documents which are

to be disclosed and that the respondent make them available to the petitioner upon his payment of an appropriate fee *(see,* Public Officers Law § 87 [1] [b] [iii]; *Matter of Moore v Santucci, supra; Sheehan v City of Syracuse,* 137 Misc 2d 438).

We have examined the respondent's remaining contentions, including the question of the appealability of the judgment under review, and find them to be without merit. Bracken, J. P., Harwood, Eiber and Balletta, JJ., concur.