■ In the Matter of PERCY MOORE, Appellant, v JOHN J. SANTUCCI, as District Attorney of the County of Queens, Respondent.—In a proceeding pursuant to CPLR article 78 to compel disclosure of records pertaining to a criminal investigation conducted by the respondent Queens County District Attorney, the petitioner appeals from a judgment of the Supreme Court, Queens County (Balbach, J.), dated August 13, 1986, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted for a de novo determination in accordance herewith.

The petitioner commenced this proceeding pursuant to CPLR article 78 to compel the respondent to disclose, pursuant to the Freedom of Information Law (see, Public Officers Law § 84 et seq.) (hereinafter FOIL), records in the possession of the Queens County District Attorney that were compiled during a criminal investigation culminating in his conviction of murder in the second degree (see, People v Moore, 80 AD2d 753). The petitioner's disclosure requests fall within three general categories: police reports, scientific records and statements made by the petitioner, his codefendants and prosecution witnesses who testified at his criminal trial. The Supreme Court erred in denying the petition on the ground there was no statutory basis for the requested relief.

Unless they fall within 1 of 8 categories of exemptions (Public Officers Law § 87 [2]), all agency records under FOIL are presumptively available for public inspection and copying, without regard to the status, need, good faith or purpose of the applicant requesting access (Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294, 296-297; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75). An agency may not simply withhold any information it pleases. "Rather, it is required to articulate particularized and specific justification and, if necessary, submit the requested materials to the court for in camera inspection, to exempt its records from disclosure" (Matter of Fink v Lefkowitz, 47 NY2d 567, 571).

Here, the respondent contended that its blanket denial of the petitioner's requests was proper on the ground that the

petitioner or his attorney presumptively had access to the requested records during the petitioner's criminal trial, pursuant to CPL article 240, and on his direct appeal, pursuant to the rules of this court (22 NYCRR former 671.8). Therefore, the respondent maintained that he should not have to make the records available for inspection and copying for a third time under the aegis of FOIL. We decline to adopt the respondent's argument, in its entirety.

The mere fact that disclosure was available to the applicant through some other discovery device, such as under CPLR article 31 in a plenary action or under CPL article 240 in a criminal proceeding, does not ipso facto preclude FOIL relief, if warranted *(see, Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra; Moussa v State of New York,* 91 AD2d 863; *Matter of Consolidated Edison Co. v Insurance Dept.,* 140 Misc 2d 969, 972; *see, e.g., Matter of Thompson v Weinstein,* 150 AD2d 782). However, if the petitioner or his attorney previously received a copy of the agency record pursuant to an alternative discovery device and currently possesses the copy, a court may uphold an agency's denial of the petitioner's request under FOIL for a duplicate copy as academic. However, the burden of proof rests with the agency to demonstrate that the petitioner's specific requests are moot. The respondent's burden would be satisfied upon proof that a copy of the requested record was previously furnished to the petitioner or his counsel in the absence of any allegation, in evidentiary form, that the copy was no longer in existence. In the event the petitioner's request for a copy of a specific record is not moot, the agency must furnish another copy upon payment of the appropriate fee *(see,* Public Officers Law § 87; *Sheehan v City of Syracuse,* 137 Misc 2d 438), unless the requested record falls squarely within the ambit of 1 of the 8 statutory exemptions.

Accordingly, the petition is reinstated and the matter is remitted for de novo determination of the petitioner's entitlement, as a member of the public, to a copy of the requested records in accordance with the rules applicable to FOIL applications.

It bears repeating that the burden of demonstrating that records requested under FOIL are exempt rests upon the government agency asserting the exemption (Public Officers Law § 89 [4] [b]). In determining whether the relief requested in the petition is warranted, the Supreme Court should adhere to the following guidelines.

Not all police reports "kept, held, filed, produced or repro-

duced by, with or for" the District Attorney's office (Public Officers Law § 86 [4] [definition of record]) during a criminal investigation are exempt from disclosure under FOIL *(see, e.g., Matter of Radio City Music Hall Prods. [New York City Police Dept.],* 121 AD2d 230; *Buffalo Broadcasting Co. v City of Buffalo,* 126 AD2d 983). A police report may be withheld or redacted, in part, if the information in the report was compiled for law enforcement purposes *and,* if disclosed, would, *inter alia,* interfere with law enforcement investigations, identify a confidential source or disclose confidential information relating to a criminal investigation *(see,* Public Officers Law § 87 [2] [e]; *Matter of Allen v Strojnowski,* 129 AD2d 700, *lv denied* 70 NY2d 871; *Matter of Radio City Music Hall Prods. [New York City Police Dept.], supra; Matter of Sheehan v City of Binghamton,* 59 AD2d 808). Moreover, the law enforcement exemption (Public Officers Law § 87) is not rendered unavailable because the investigation has been concluded *(see, Hawkins v Kurlander,* 98 AD2d 14, 16, *appeal withdrawn* 62 NY2d 804). Additionally, scientific records revealing nonroutine criminal investigative techniques or procedures are exempt from disclosure under FOIL *(see, Matter of Allen v Strojnowski, supra).* "Indicative, but not necessarily dispositive, of whether investigative techniques are nonroutine is whether disclosure of these procedures would give rise to a substantial likelihood that violators could evade detection by deliberately tailoring their conduct in anticipation of avenues of inquiry to be pursued by agency personnel" *(see, Matter of Fink v Lefkowitz,* 47 NY2d 567, 572, *supra).* Ballistic and fingerprinting tests are examples of routine investigative techniques *(see, Matter of Fink v Lefkowitz, supra).* Furthermore, an agency need not make available for inspection by a member of the public records specifically exempted from disclosure by other State statutes *(see,* Public Officers Law § 87), such as autopsy reports *(see,* County Law § 677 [3] [b]; *Herald Co. v Murray,* 136 AD2d 954).

Lastly, we note that while statements of the petitioner, his codefendants and witnesses obtained by the respondent in the course of preparing a criminal case for trial are generally exempt from disclosure under FOIL *(see, Matter of Knight v Gold,* 53 AD2d 694, *appeal dismissed* 43 NY2d 841), once the statements have been used in open court, they have lost their cloak of confidentiality and are available for inspection by a member of the public *(see, Matter of Werfel v Fitzgerald,* 23 AD2d 306, 309; *see generally,* Annotation, *Validity, Construction, and Application of Statutory Provisions Relating to Pub-*

*lic Access to Police Records,* 82 ALR3d 19 §§ 27, 28). However, the respondent is not required to make available for inspection or copying any suppression hearing or trial transcripts of a witness' testimony in its possession, because the transcripts are court records, not agency records *(see, Matter of Pasik v State Bd. of Law Examiners,* 102 AD2d 395, 399, *appeal withdrawn* 64 NY2d 886; *Warth v Department of Justice,* 595 F2d 521). Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.