OPINION OF THE COURT
Damian J. Amodeo, J.
Petitioner commenced this proceeding pursuant to CPLR article 78 to compel respondent to disclose documents under the Freedom of Information Law (Public Officers Law § 84 et seq. [hereinafter FOIL]). The following papers were read and considered in determining this application: (1) order to show cause; (2) verified petition and exhibits; (3) answering affirmation; and (4) affidavit in reply to respondent’s affirmation.
FACTUAL BACKGROUND
The documents requested by petitioner relate to his conviction for murder in the second degree (Dutchess County indictment Number 53/74) and fall into two categories: (1) all statements made to any law enforcement personnel and (2) all investigative reports, including notebook records. The initial request was made by letter to the Dutchess County Sheriff on December 9, 1988. Petitioner was advised that the information was not on file with that agency and was referred to the District Attorney’s office. By letter dated January 12, 1989, petitioner made a request directly to William Grady, the Dutchess County District Attorney. As of February 28, 1989 he had received no response and sent a letter to the County Attorney, administratively appealing the District Attorney’s failure to reply. Almost one month later, Mr. Brownell was informed by the County Attorney that respondent was examining his request and that the review process was taking more time than expected because the files were voluminous. On May 8, 1989 petitioner again wrote to the County Attorney to ascertain the status of his FOIL request. Apparently, no response was received and on July 7, 1989 petitioner renewed his appeal to the County Attorney, who then advised petitioner that he would have a response by August 15, 1989. Again, the only information given to petitioner was that the files were extensive.
On August 29, 1989 Mr. Brownell informed the County Attorney that no response had been received from the District Attorney, despite the promise of one by August 15, 1989. He *107 received neither an answer to that letter nor a response from Mr. Grady.
Mr. Brownell thereafter commenced this article 78 proceeding by order to show cause dated November 2, 1989. Respondent has submitted an "affirmation in answer” signed by Assistant District Attorney Alfred Tallakson. Respondent does not deny any of the allegations contained in the petition. Rather, for the first time, objections are raised to petitioner’s request on the merits. After reciting a synopsis of the history of Mr. Brownell’s criminal case, respondent argues that: (1) petitioner already possesses most of the material requested; (2) as to those witness statements he does not possess, his demand should be more specific; (3) Grand Jury material is not subject to disclosure; (4) several hundred sheets of material which record statements of persons interviewed or who testified will be made available to the court for an in camera review; (5) no notebook records exist; (6) investigative reports may contain privileged material and therefore should also be turned over to the court for an in camera review; and (7) payment of the statutory fee is requested. It should also be noted that respondent conceded that statements of witnesses who may not have testified will be made available to Mr. Brownell if they can be identified and if petitioner’s request is made more specific.
APPLICABLE LAW AND FINDINGS
Under FOIL, all government agency records are presumptively available for public inspection and copying without considering the status, need, good faith or purpose of the person requesting the records (Matter of Moore v Santucci 151 AD2d 677; Thompson v Weinstein, 150 AD2d 782). Laws requiring public disclosure of government records are to be liberally interpreted "to allow maximum * * * disclosure” and exemptions have been narrowly construed (Matter of Miracle Mile Assocs. v Yudelson, 68 AD2d 176, 181, lv denied 48 NY2d 706). The burden of showing that requested records fall within one of the nine statutory exemptions from disclosure rests upon the agency asserting the exemption (Public Officers Law § 89 [4] [b]; Matter of Moore v Santucci, supra). Moreover, any claimed exemption must be particularized and supported by detailed affidavits so that a determination can be made as to whether the claim has any basis (Matter of Moore v Santucci, supra; Matter of Billups v Santucci, 151 AD2d 663; Matter of Miracle Mile Assocs. v Yudelson, supra).
*108 Similarly, with respect to the claim that requested records have been provided in the context of petitioner’s criminal case, the burden rests upon respondent to provide proof that a copy of the record was previously furnished. Even then, if petitioner demonstrates that the copy no longer exists, the agency must furnish another copy upon payment of the appropriate fee (Matter of Moore v Santucci, supra), unless, of course, the record falls within one of the statutory exemptions.
Addressing the facts of this case, while respondent’s affirmation contains a generalized statement of the law and a suggestion that some of the investigative reports in his possession contain privileged, confidential or investigative technique information, there is no specific allegation as to which documents fall within which exemption. Rather, respondent blithely urges that this material be turned over to the court for an in camera inspection. Having for so long avoided his obligation to timely and properly address petitioner’s request, respondent now seeks to further avoid this responsibility by inviting the court to take up the task. Such a request constitutes a wholesale and improper attempt to shift to this court a responsibility which rests squarely with the agency. Courts have recognized that extensive in camera inspections are burdensome and make appellate review difficult (Matter of Miracle Mile Assocs. v Yudelson, supra). Not all investigative reports are exempt from disclosure under FOIL (Matter of Moore v Santucci, supra). On the information before the court, any in camera review would necessarily be done without the benefit of advocacy on the part of the party seeking disclosure. The difficulty is compounded by the possibility that part of a document may be exempt, while part should be disclosed (Vaughn v Rosen, 484 F2d 820, cert denied 415 US 977). To adopt a policy which would allow an in camera review, based on the perfunctory statement that some investigative records may come within an unspecified exemption, would serve to discourage disclosure in the first instance and frustrate the underlying intent of the legislation under consideration. It would always be easier to simply assert a general objection, then say, "let the court decide”. This tack would prematurely shift the burden to the court to conduct a comprehensive review to determine which documents are exempt and for what reason (Vaughn v Rosen, 484 F2d, supra, at 826). While, this court recognizes that there are circumstances when an in camera review would be appropriate and necessary (Matter of *109 Miracle Mile Assocs. v Yudelson, supra), this should be the exception, not the rule — the last step in the process, not the first. This is especially true where, as here, there has been absolutely no demonstration of necessity.
Turning to petitioner’s request for witness statements, respondent’s position is at best confusing. In one paragraph of his affirmation respondent states that some witness statements may not have been provided to defendant, and if such material can be readily identified, "the People have no objection to providing same”. He then urges that petitioner make a more specific demand for such material. How Mr. Brownell can make a more specific demand for material known only to and in the possession of respondent escapes this court. Respondent then states, in the following paragraph, that several hundred pages of recorded witness statements exist and are available to the court for an in camera inspection "on the issue of disclosure pursuant to” FOIL. Again, the court is constrained to decline respondent’s invitation. As noted above regarding the reports requested by petitioner, this court should not be forced to speculate regarding which statements are exempt from disclosure and the statutory or factual basis for the exemption. Nor should in camera review be an " 'automatic’ or 'inevitable tool’ in every case” (Matter of Miracle Mile Assocs. v Yudelson, 68 AD2d 176, 180, supra, quoting Environmental Protection Agency v Mink, 410 US 73, 93).
Finally, the court cannot condone respondent’s failure to comply with the clear time limits contained in FOIL. Within five business days from receipt of the request, respondent was required to exercise one of three options: deny the request, specifying the basis for such denial; make the records available; or provide a statement as to the date the request would be granted or denied (Public Officers Law §89 [3], [4]). Any administrative appeal should have been decided within 10 business days of receipt. Rather than comply with these clear statutory time limits, both the District Attorney and the County Attorney continually delayed a response, stating only that the files were voluminous, and, in the end, failed to address the merits until after commencement of this proceeding, nearly one year after Mr. Brownell’s initial request. The fact that the files in question may be voluminous provides little excuse for noncompliance with FOIL (Matter of Konigsberg v Coughlin, 68 NY2d 245).
*110 HOLDING
Based on the foregoing, petitioner, as a member of the public, is entitled to disclosure under the Freedom of Information Law (Public Officers Law § 84 et seq.) as follows:
1. All statements of witnesses made to any law enforcement personnel, except recorded Grand Jury statements. Respondent is not required to make available any hearing or trial transcripts of a witness’s testimony in his possession, as such transcripts are court records, not agency records (Matter of Moore v Santucci, supra).
2. All investigative reports. In lieu of turning over a particular report, or portion thereof, which respondent believes is exempt, he may provide petitioner with a detailed listing of such documents, along with an affidavit, specifying in nonconclusory terms the basis for any claimed exemption.
3. In lieu of providing petitioner with any documents in either of the above two categories, respondent may submit to petitioner, in affidavit form, a detailed listing of such documents with an indication as to when such documents were previously delivered to petitioner.
4. In light of respondent’s extensive and unjustified failure to adhere to the requirements of the statute, respondent is directed to provide Mr. Brownell, without charge, copies of the first 200 pages of material which fall within the terms of his request and this order.
5. To the extent that the number of pages to be copied does not exceed 200, respondent shall comply with the foregoing directives within 10 days from receipt of a copy of this order with notice of entry thereof and advise petitioner as to the number of additional pages of material to be copied; to the extent that the number of pages to be copied exceeds 200, respondent shall provide such copies within 10 days from receipt of such additional fees as may be due from petitioner.
The foregoing shall constitute the decision and order of this court and is without prejudice to such further applications as may be deemed appropriate and consistent with the foregoing determination.