■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE MULGRAVE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered June 10, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, after a jury trial, of murdering his wife Glenda Faye Flowers Davis. At the trial, the defendant's second wife, Vanessa Morris, testified that during a visit with the defendant at the Queens House of Detention, he admitted that he had indeed killed his first wife. The defendant asserts that that testimony was barred by the marital privilege *(see,* CPLR 4502 [b]). This argument is without merit.

At a hearing held prior to the trial, it was established that the defendant married the victim on July 29, 1973. The defendant married Morris on December 25, 1977. At that time, the defendant and the victim were living apart but, according to the testimony of the victim's father, had not been divorced. Under these circumstances, the People met their burden of showing that the second marriage was void *(see,* Domestic Relations Law § 6; *Matter of Brown,* 40 NY2d 938; *People v Torres,* 90 Misc 2d 358; *see also, People v Chirse,* 132 AD2d 615; Richardson, Evidence § 94 [Prince 10th ed]). Since there is no indication that the defendant was not aware of the invalidity of his second marriage, the confession to Williams was clearly admissible against him.

At the trial, a letter written by the victim and given to the police by the victim's father was placed in evidence. In the letter, the victim refers to a murder committed by the defen-

dant of which she had detailed knowledge. Contrary to the defendant's contention, we find that the letter was properly received in evidence, since it was probative of the defendant's motive for killing his wife *(see, People v Molineux,* 168 NY 264; Richardson, Evidence § 170 [Prince 10th ed]), and since its probative value outweighed any potential prejudice, which prejudice was further obviated by the court's limiting instructions *(see, People v Ventimiglia,* 52 NY2d 350; *People v Willsey,* 148 AD2d 764; *People v Weir,* 120 AD2d 554; *see also, People v Griffin,* 126 AD2d 743).

The defendant herein asserts that his statement to Morris wherein he confessed that he had killed his first wife was not sufficiently corroborated *(see,* CPL 60.50). We disagree. It was established at the trial that, based upon the information that the defendant related to Morris, the police found skeletal remains after excavating the basement of the defendant's former place of employment. The People's experts identified these remains as being those of the victim. The discovery of these remains at the situs where the defendant had told Morris that they could be found sufficiently corroborated his confession *(see, People v Lipsky,* 57 NY2d 560; *see also, People v Groff,* 71 NY2d 101; *People v Booden,* 69 NY2d 185; *People v Hamilton,* 121 AD2d 395; *People v Agard,* 111 AD2d 821). Additionally, the defendant's confession was corroborated by proof of the defendant's motive *(see, People v Lipsky,* 57 NY2d 560, 571, *supra; People v Reade,* 13 NY2d 42, 46). Accordingly, the defendant's argument in this regard is without merit.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.