■ In the Matter of LEROY GEAMES, Appellant, v PATRICK HENRY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Suffolk County (McInerney, J.), entered September 25, 1989, which dismissed the proceeding with prejudice.

Ordered that the judgment is modified, as a matter of discretion, by (1) deleting therefrom the phrase "with prejudice", and substituting therefor the phrase "without prejudice to the commencement of another proceeding", and (2) adding thereto a provision directing the respondents to produce the conviction report of Johnnie Bonds; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the respondents shall produce the report within 30 days after service upon them of a copy of this decision and order, with notice of entry.

Given the respondents' statement that they were not in possession of any of the documents that the petitioner sought to obtain from them pursuant to the Freedom of Information Law (Public Officers Law art 6), the Supreme Court did not err in dismissing the proceeding. In view, however, of the fact that the respondents have located one of those documents, specifically, the conviction report of one Johnnie Bonds, while doing further research in connection with this appeal, and since, contrary to the respondents' contention, the conviction record herein does not fall within the invasion of privacy exception to the Freedom of Information Law (see, Matter of Thompson v Weinstein, 150 AD2d 782), we have provided that the dismissal of the proceeding is without prejudice to the

commencement of another proceeding by the petitioner, and the respondents are to produce the conviction report of Johnnie Bonds. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.