■ In the Matter of CLAUDE MULLGRAV, Respondent, v JOHN J. SANTUCCI, as Queens County District Attorney, Appellant, et al., Respondent. [600 NYS2d 382] —Casey, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 10, 1992 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent Queens County District Attorney to release certain documents requested under the Freedom of Information Law.

Petitioner was convicted of murder in the second degree in Supreme Court, Queens County, and received an indeterminate prison sentence of 25 years to life. The judgment of conviction was affirmed by the Second Department (People v Mulgrave, 163 AD2d 538, lv denied 76 NY2d 989).

In connection with a Federal writ of habeas corpus filed in the United States District Court, Eastern District of New York, petitioner requested the production of certain material pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL). When the requested material was not produced, petitioner commenced this CPLR article 78 proceeding to compel compliance with the requirements of FOIL. Respondent Queens County District Attorney (hereinafter respondent) moved to dismiss the petition on the ground that most of the material would be produced and that venue in Ulster County was improper. Supreme Court denied the motion, concluding that a change of venue, not dismissal, was the appropriate remedy for improper venue. Respondent was directed to comply with the demand requirements of CPLR 511 or serve an answer. Respondent did not comply with the court's directive, but instead again moved to dismiss the petition. Supreme Court denied the motion, granted judgment to petitioner and directed respondent to produce certain material, including Grand Jury minutes. Respondent's motion for reargument was denied, resulting in this appeal by respondent from the judgment which directed disclosure of the Grand Jury minutes.

In our view, Supreme Court erred in granting petitioner's motion to produce the Grand Jury minutes. Grand Jury minutes are court records, not agency records (see, Public Officers Law § 86 [1], [3]), and accordingly are exempt from the ambit of FOIL (Matter of Gibson v Grady, 192 AD2d 657; see, Matter of Moore v Santucci, 151 AD2d 677). Moreover, peti-

tioner failed to demonstrate a compelling and particularized need for access to the Grand Jury minutes that he seeks *(see, Matter of District Attorney of Suffolk County,* 58 NY2d 436, 444; *Matter of Gibson v Grady, supra),* which would permit piercing the veil of secrecy imposed on Grand Jury proceedings pursuant to CPL 190.25 (4) *(see,* Penal Law § 215.70).

We recognize that petitioner's CPLR article 78 proceeding brought in Ulster County involved a Grand Jury proceeding conducted in Queens County and, while the venue of petitioner's proceeding may have been improper (CPLR 506 [b]), we do not believe that Supreme Court, Ulster County, lacked jurisdiction to entertain the proceeding *(see, Matter of Schneider v Aulisi,* 307 NY 376, 382; *but see, People v Astacio,* 173 AD2d 834, 835, *lv denied* 78 NY2d 1009). Accordingly, that part of the judgment appealed from should be reversed and petitioner's request to inspect the Grand Jury minutes denied.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed disclosure of the Grand Jury minutes, and, as so modified, affirmed.