■ In the Matter of RUFUS WOODS, Respondent, v KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, Appellant. [651 NYS2d 595] —In a proceeding pursuant to CPLR article 78 to compel the

production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the District Attorney, Kings County, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated July 13, 1995, as directed him to produce criminal history records of certain individuals and other documents claimed to be attorney work product and interagency or intra-agency documents exempt from disclosure.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which directed the appellant to provide the criminal history records of certain individuals and substituting therefor a provision denying that branch of the petition which was to compel disclosure of the criminal history records, (2) adding to the provision thereof which granted that branch of the petition which was to compel disclosure of other documents a clause excluding from disclosure those documents contained at pages numbered 172, 175-178, 181-183, 203-206, 209-211 in the record on appeal, and (3) deleting the provision thereof which provided that telephone numbers and addresses could be redacted from a document entitled "Witness Information" and substituting therefor a provision allowing redaction of all telephone numbers and addresses from any documents produced; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appellant shall provide the specified documents within 30 days after service upon him of a copy of this decision and order, with notice of entry.

Criminal history records or "rap sheets" compiled by the Division of Criminal Justice Services are exempt from disclosure under the Freedom of Information Law (see, Public Officers Law § 87 [2] [b]; Executive Law § 837 [8]; 9 NYCRR 6150.4 [b] [6]; Matter of Bennett v Girgenti, 226 AD2d 792). Contrary to the conclusion reached by the Supreme Court, we did not hold otherwise in Matter of Thompson v Weinstein (150 AD2d 782). In that case, the petitioner's request for records was limited to the criminal convictions and any pending criminal actions against an individual called by the People as a witness in the petitioner's criminal trial (see, CPL 240.45 [1] [b], [c]). Here, the petitioner's request was not so limited. Rather, he sought the complete "rap sheets" of numerous individuals who were not witnesses at his trial. To the extent that our decision in Matter of Geames v Henry (173 AD2d 825) may hold that criminal history records are not exempt from disclosure, it should no longer be followed.

Upon our examination of the remaining documents submitted for in camera review, we conclude that certain of those documents constitute attorney work product and interagency or intra-agency materials which do not contain factual data (*see, Matter of Gould v New York City Police Dept.*, 89 NY2d 267) and are therefore exempt from disclosure (*see*, Public Officers Law § 87 [2] [g]). Further, addresses and telephone numbers should be redacted from all documents produced, not only from the "Witness Information" sheet, as directed by the Supreme Court (*see*, Public Officers Law § 87 [2] [b]). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.