■ In the Matter of MICHAEL SCAROLA, Appellant, v ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. [668 NYS2d 174] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about May 13, 1996, which granted petitioner's application for an order pursuant to CPLR article 78 directing respondent to make available to him certain documents pursuant to article 6 of the Public Officers Law (Freedom of Information Law [FOIL]) to the extent of ordering an *in camera* review of certain informants' statements

and directed respondent to produce an affidavit from one of its employees, and order, same court and Justice, entered on or about September 27, 1996, which granted the petitioner's motion and respondent's cross motion for reargument/reconsideration, and upon reargument, modified the May 13, 1996 order to the extent of determining that statements made by alleged informants were exempt under FOIL, unanimously modified, on the law and the facts, to the extent of remanding the matter to Supreme Court for a determination as to which documents, if any, previously provided to petitioner's former attorney are exempt from disclosure pursuant to FOIL, and thereupon to direct respondent to furnish petitioner with such documents that are not exempt upon payment by petitioner of the appropriate fees, and otherwise affirmed, without costs.

We find, under the circumstances presented, that petitioner is entitled to the documents that had previously been provided to his former attorney during his criminal prosecution to the extent they are not exempt from disclosure pursuant to FOIL. Petitioner offered satisfactory proof that his former attorney did not provide him with the documents, was no longer in possession of them and is no longer practicing law and has been disbarred. These unique facts sufficiently demonstrate that those documents are no longer available to petitioner (*see, Matter of Swinton v Record Access Officers for City of N. Y. Police Dept.,* 198 AD2d 165; *Matter of Moore v Santucci,* 151 AD2d 677).

The court properly denied access to statements made by individuals alleged by petitioner to be "known informants". Disclosure of such documents, if they exist, would constitute an unwarranted invasion of personal privacy, might endanger the safety of the informants and would necessarily reveal documents compiled for law enforcement purposes that would identify a confidential source. Therefore, they are exempt from disclosure under FOIL (Public Officers Law § 87 [2] [b], [e] [iii]; [f]; *see also Matter of Gould v New York City Police Dept.,* 89 NY2d 267).

We have reviewed petitioner's other contentions and find them without merit. Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.