FOURTH DEPARTMENT, NOVEMBER, 1998

(November 13, 1998)

 In the Matter of FRANK WILLIAMS, Appellant, v ERIE COUNTY DISTRICT ATTORNEY, Respondent. [682 NYS2d 316] —Judgment reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) to compel respondent, the Erie County District Attorney, to disclose,

*inter alia,* the criminal history records of the prosecution witnesses, including codefendants, who testified at petitioner's trial. Petitioner was convicted of murder in the second degree and criminal possession of a weapon in the fourth degree and is currently serving an indeterminate term of imprisonment of 20 years to life. Supreme Court denied petitioner the requested records and dismissed the petition.

"Criminal history records or 'rap sheets' compiled by the Division of Criminal Justice Services are exempt from disclosure under the Freedom of Information Law (*see,* Public Officers Law § 87 [2] [b]; Executive Law § 837 [8]; 9 NYCRR 6150.4 [b] [6]; *Matter of Bennett v Girgenti,* 226 AD2d 792)" (*Matter of Woods v Kings County Dist. Attorney's Off.,* 234 AD2d 554, 555). However, the disclosure of criminal history records by a District Attorney is required, provided such records are limited to criminal convictions and pending criminal actions of witnesses called by the People in a criminal trial (*see, Matter of Woods v Kings County Dist. Attorney's Off., supra,* at 555, citing *Matter of Thompson v Weinstein,* 150 AD2d 782; CPL 240.45 [1] [b], [c]).

CPL 240.45 (1) requires a prosecutor, after a jury is sworn, to turn over to defendant (1) any written or recorded statement of a witness the prosecutor intends to call at trial and (2) the record of convictions and any pending criminal charges, if known, of the witness. In the event the witness does not testify, FOIL exempts from disclosure both the witness's statements (*see, Matter of Spencer v New York State Police,* 187 AD2d 919; *Matter of Moore v Santucci,* 151 AD2d 677, 679-680) and record of convictions and pending criminal charges (*see, Matter of Woods v Kings County Dist. Attorney's Off., supra,* at 555). But, once the material is handed over by the prosecutor and the witness testifies, the statements of the witness and his or her record of convictions and pending criminal charges no longer fall within the exception to the disclosure provisions of FOIL (*see, Matter of Woods v Kings County Dist. Attorney's Off., supra; Matter of Spencer v New York State Police, supra; Matter of Moore v Santucci, supra; Matter of Thompson v Weinstein, supra*). Petitioner on appeal has narrowed his request for the criminal history records by agreeing that they be redacted of personal information. Those records, properly redacted, do not violate the invasion of privacy exceptions to FOIL and would not be exempt for that reason (*see,* Public Officers Law § 87 [2] [b]; § 89 [2]; *see also, Matter of Woods v Kings County Dist. Attorney's Off., supra,* at 555).

Petitioner, however, may not obtain information related to

his criminal trial under FOIL if he or his attorney obtained it from the prosecutor in the prior proceeding (*see, Matter of Walsh v Wasser*, 225 AD2d 911) unless petitioner and his attorney are no longer in possession of that information (*see, Matter of Scarola v Morgenthau*, 246 AD2d 417; *Matter of Moore v Santucci, supra*, at 678; *Matter of Billups v Santucci*, 151 AD2d 663, 664). The burden of proof rests with respondent to establish that copies of the requested records were previously furnished to petitioner or his attorney (*see, Matter of Moore v Santucci, supra*, at 678; *Matter of Billups v Santucci, supra*, at 664). In the event the requested records were furnished and petitioner establishes that they are no longer in the possession of petitioner or his attorney, other copies must be furnished unless the requested records are exempt from disclosure under FOIL for other reasons (*see, Matter of Scarola v Morgenthau, supra*; *Matter of Moore v Santucci, supra*, at 678) or respondent is no longer in possession of the requested records and therefore unable to furnish them.

We therefore reverse the judgment and remit this matter to Supreme Court to determine the foregoing issues.

All concur, Lawton, J. P., not participating. (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—CPLR art 78.) Present—Lawton, J. P., Wisner, Callahan, Boehm and Fallon, JJ. (Filed Oct. 7, 1998.)