■ In the Matter of NEWSDAY, INC., Respondent, v EMPIRE STATE DEVELOPMENT CORPORATION, Appellant. [724 NYS2d 62] —Order, Supreme Court, New York County (Bruce Allen, J.), entered August 9, 2000, which granted petitioner's CPLR article 78 petition to compel respondent to release information pursuant to the Freedom of Information Law (FOIL), unani-

mously reversed, on the law, without costs, and the petition denied.

Petitioner, publisher of the well-known eponymous newspaper, sought to obtain from respondent, pursuant to FOIL (Public Officers Law art 6), copies of subpoenas served upon that State agency by the New York County District Attorney's office. Respondent contended before the IAS court that these subpoenas were "court records," and thus exempt from FOIL disclosure, citing *Matter of Mullgrav v Santucci* (195 AD2d 786), *Matter of Gibson v Grady* (192 AD2d 657) and *Matter of Harvey v Hynes* (174 Misc 2d 174). Distinguishing these cases by reason of the particular records involved, the IAS court concluded that subpoenas, being subject to creation and control by the demanding party, fell outside the court-records exemption in FOIL. We disagree and reverse.

In *People v Natal* (75 NY2d 379, 384-385, *cert denied* 498 US 862), the Court of Appeals noted that "Subpoenas, of course, are process of the courts, not the parties [citations omitted]. While by statute it is the District Attorney who issues a subpoena duces tecum (CPL 610.25 [1]), the subpoena is nevertheless a mandate *of* the court issued *for* the court" (emphasis in original). This observation lays to rest any doubt that under the law of this State, subpoenas are judicial records, and the judiciary is exempt from the reach of FOIL (*Matter of Pasik v State Bd. of Law Examiners*, 102 AD2d 395, 399). Even if, as here, court records are in the possession of agencies other than the District Attorney's office, that circumstance does not alter their exempt status (*Daily News Publ. Co. v Office of Ct. Admin.*, 186 Misc 2d 424; *see, Matter of Mullgrav v Santucci, supra*). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.