OPINION OF THE COURT
Doris Ling-Cohan, J.
It is ordered that this motion and cross motion are decided as indicated below.
Petitioner Loevy & Loevy seeks an order pursuant to article 78 of the CPLR: (i) annulling and setting aside respondent New York City Police Department’s (NYPD) denial of access to certain records pursuant to the New York Freedom of Information Law (FOIL) and Public Officers Law § 84; and (ii) directing NYPD to comply with petitioner’s FOIL request pursuant to Public Officers Law § 87 (2) by providing for petitioner’s inspection of the records sought in petitioner’s April 12, 2011 FOIL request (FOIL request).
NYPD cross-moves to dismiss this proceeding pursuant to CPLR 7804 (f) and 3211 on the grounds that: (i) the records sought by petitioner are exempt from disclosure pursuant to Public Officers Law § 87 (2) (e) (i); and (ii) the instant proceeding is moot, as a determination of the FOIL request has been rendered. For the reasons stated below, the cross motion to dismiss is denied.
Background
Petitioner made its FOIL request on April 12, 2011, seeking certain documents in the possession of NYPD regarding a 1987 murder which occurred in Long Island City, New York. NYPD *952 responded with a letter indicating that responsive documents were found, but needed to be reviewed to determine if any exemptions applied. Subsequently, the FOIL request was denied by NYPD, citing two exemptions: (1) Public Officers Law § 87 (2) (e) (i) for the interference with an ongoing law enforcement investigation or judicial proceeding; and (2) Civil Rights Law § 50-b concerning the privacy rights of victims of sex offenses. Petitioner timely filed an administrative appeal in November 2011.
Thereafter, petitioner commenced this article 78 proceeding, by notice of petition and verified petition, dated January 17, 2012, and filed January 25, 2012. Respondent cross-moves to dismiss on the grounds that: (1) the documents sought by the FOIL request are exempt from disclosure; and (2) the instant proceeding is moot, as a determination of the FOIL request was rendered on January 20, 2012, prior to the filing of the instant verified petition.
After several conferences with the court, the parties consented to the filing of a verified amended petition, which was timely served and filed. Petitioner’s verified amended petition, received by the court on July 3, 2012, seeks an order: (1) annulling and setting aside NYPD’s denial of access to the records sought in the FOIL request; (2) directing NYPD to comply with the FOIL request by providing petitioner with an inspection of the records sought; and (3) awarding attorneys’ fees and reasonable litigation costs.*
Discussion
As a preliminary matter, the court notes that NYPD argues that the petition is moot to the extent that this proceeding is in the nature of a mandamus to compel a determination by NYPD, given that a final determination on the FOIL request was made, after the instant petition was verified, and prior to its filing. However, NYPD’s argument that the petition is moot is no longer valid as petitioner’s verified amended petition, filed on consent, seeks an order setting aside NYPD’s denial of the FOIL request and compelling disclosure of requested documents.
Turning to NYPD’s remaining argument, it is well settled that all records of a public agency are presumptively available for public inspection under FOIL, unless the documents in ques *953 tion fall squarely within one of the specific and narrowly construed exceptions to disclosure set forth in Public Officers Law § 87 (2). (See Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]; Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979]; Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 79-80 [1984].) Thus, this court must determine whether the documents requested in the FOIL request qualify for an exemption under the Public Officers Law. The applicable FOIL statute, Public Officers Law § 87 (2), provides, in pertinent part, that
“[e]ach agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
“(e) are compiled for law enforcement purposes and which, if disclosed, would:
“(i) interfere with law enforcement investigations or judicial proceedings.”
An agency that seeks to withhold documents, pursuant to one or another of the statutory exemptions, must make a particularized showing that each such document falls within that exemption. A conclusory contention that an entire category of documents is exempt will not suffice. (See Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 567 [1984]; Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs., 155 AD2d 106, 110 [3d Dept 1990].)
“To ensure maximum access to government documents, the exemptions are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption. . . . [0]nly where the material requested falls squarely within the ambit of one of these statutory exemptions may disclosure be withheld.” (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275 [1996] [internal quotation marks and citations omitted].)
Here, NYPD states that the documents requested by the FOIL request are exempt from disclosure pursuant to Public Officers Law § 87 (2) (e) (i) as such records are the subject of an open law enforcement investigation. NYPD further states that disclosure of such documents is barred by Civil Rights Law § 50-b as the records tend to identify the victim of a sex crime. Citing Matter of Lesher v Hynes (80 AD 3d 611, 613 [2d Dept *954 2011]), NYPD argues that it is not required to detail the manner in which each document sought would cause interference with an ongoing law enforcement investigation; rather, the assertion that disclosure would interfere with such investigation is a sufficiently particularized justification for the denial of the requested records.
While NYPD correctly cites the Appellate Division, Second Department in Lesher, such case was appealed to the Court of Appeals of New York which held that “not. . . every document in a law enforcement agency’s criminal case file is automatically exempt from disclosure simply because kept there. The agency must identify the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents.” (Matter of Lesher v Hynes, 19 NY3d 57, 67 [2012].) The Court of Appeals has made clear that “the agency must . . . fulfill its burden under Public Officers Law § 89 (4) (b) to articulate a factual basis for the exemption.” (Id.)
Applying these principles here, the NYPD has failed to show that the petition should be dismissed on the basis of Public Officers Law § 87 (2) (e) (i). In support of its cross motion to dismiss, NYPD contends that there is an ongoing homicide investigation. It proffers a mere l1!2 page, five paragraph, affidavit of Detective Daniel Autera, dated March 1, 2012, which states in a conclusory fashion that “[t]he homicide is the subject of an open and active law enforcement investigation” and that the “NYPD continues to actively monitor this case, periodically review the detective folder, and search for new evidence and new leads in order to solve this homicide.” (Detective Autera’s aff 1ÍH 3, 4.) Additionally, the detective’s affidavit states that “[t]he last time [he] reviewed this matter was approximately six months ago.” (Detective Autera’s aff 1Í 4.)
While NYPD has claimed a blanket exception to all the records requested in the FOIL request, it has failed to provide any information on the generic types of documents, or categories of documents, which are allegedly exempt. These entirely conclusory statements contained in the mere IV2 page affidavit, in which only three of the five paragraphs are even relevant to the issues at hand, do not meet NYPD’s significant burden to articulate a factual basis for the exemptions claimed. (See Matter of Lesher v Hynes, 19 NY3d at 67.) A “[f]allure to establish the factual existence of [a] claimed exemption . . . renders [the] claim for exemption unavailing.” (Matter of New York Assn. of *955 Homes & Servs. for Aging, Inc. v Novello, 13 AD3d 958, 960-961 [3d Dept 2004] [citation omitted].) Thus, NYPD’s cross motion to dismiss is denied.
NYPD also requests that the court seal the record pursuant to Civil Rights Law § 50-b. Petitioner objects to this request, alleging that it is unfounded and unnecessary, as the identity of the murder victim has been previously disclosed in at least one public news article. Uniform Rules for Trial Courts (22 NYCRR) § 216.1 (a) provides that
“[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard.”
“[T]he court is always required to make an independent determination of good cause.” (Matter of Hofmann, 284 AD2d 92, 94 [1st Dept 2001].) NYPD has not alleged or shown the requisite “good cause” to warrant the sealing of the file in this case, as required by Uniform Rules § 216.1 (a). The court notes that the public has a common-law right of access to court records. (See Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 324 [1st Dept 2006].) In the absence of any evidence or argument, the statute does not permit the court to grant NYPD’s request, as there has been an insufficient showing of good cause. Further, NYPD fails to even suggest a reason why the records requested in the FOIL request cannot be redacted so as to delete details tending to identify the victim’s identity, and fails to adequately respond to petitioner’s opposition. (Public Officers Law § 89 [2] [a].) Thus, NYPD’s cross motion to seal the record is denied.
Accordingly, it is ordered that respondent New York City Police Department’s cross motion to dismiss is denied; and it is further ordered that respondent New York City Police Department shall serve its answer to the petition within 20 days of service upon it of a copy of this order with notice of entry; and it is further ordered that petitioner Loevy & Loevy may re-notice this matter in accordance with CPLR 7804 (f), returnable to the Motion Support Office, Room 130, 60 Centre Street; and it is further ordered that within 30 days of entry, petitioner *956 Loevy & Loevy shall serve a copy of this order upon respondent New York City Police Department with notice of entry; and it is further ordered that counsel for petitioner shall initiate a telephone call to respondent NYPD’s counsel on January 29, 2013, at 3:00 p.m., to discuss settlement of this proceeding. Counsel are encouraged to confer and work towards a resolution.

 NYPD failed to submit responsive papers within the time period chosen by NYPD’s attorneys.