Matter of Wagner v New York City Dept. of Educ. (2025 NY Slip Op 05783)

Matter of Wagner v New York City Dept. of Educ.

2025 NY Slip Op 05783

Decided on October 21, 2025

Court of Appeals

Troutman

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 21, 2025

No. 73 

[*1]In the Matter of Jimmy Wagner, Appellant,
v
New York City Department of Education, Respondent.

Joseph H. Aron, for appellant.
Jamison Davies, for respondent.

TROUTMAN, J.

To trigger a government agency's obligation to produce records under the Freedom of Information Law (FOIL), the person seeking the records must submit to the agency a written request in which the records sought are "reasonably described" (Public Officers Law § 89 [3] [a]). An agency, having received such a request for records maintained electronically, must retrieve the records if it has the ability to do so "with reasonable effort" (id.).[FN1] Because respondent New York City Department of Education (DOE), in denying petitioner's request, erroneously conflated those two requirements, the matter should be remanded to the DOE for a new determination.
Petitioner requested all emails between the DOE and a certain domain name during the period April 2021 to August 2022. The DOE responded that the documents sought were "not reasonably described" because it could not "launch an effective search to locate and identify the records sought with reasonable effort." More particularly, the DOE stated that attempts to search its emails "failed to execute" using the parameters provided by petitioner, and thus it asked petitioner to "focus" his request on a narrower timeframe or specific parties or to provide key terms to search. When petitioner declined to do so, his request was "deemed withdrawn."
On administrative appeal, the DOE reiterated that "[a] request reasonably describes records when the description provides sufficient ability, with reasonable effort, to launch an effective search to locate and identify the records sought." The DOE acknowledged that it "understood" petitioner to be requesting emails from a certain domain name. But, because its electronic searches for those emails failed to execute, the DOE concluded that the request was not reasonably described.
Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, a judgment directing the DOE to provide him access to the documents sought. The DOE answered, explaining that all of its attempts to search its emails for the requested records timed out because there were over one million email accounts to search. Supreme Court denied the petition. The Appellate Division affirmed, concluding that the documents were not "reasonably described" as required under Public Officers Law § 89 (3) (a) because "[t]he administrative record and the DOE's proffered affidavits demonstrate 'that the descriptions provided are insufficient for purposes of extracting or retrieving the requested document[s] from the virtual files through an electronic word search . . . [by] name or other reasonable technological effort' " (222 AD3d 420, 421 [1st Dept 2023], quoting Matter of Puig v New York State Police, 212 AD3d 1025, 1026 [3d Dept 2023]). We conclude that the DOE and the Appellate Division conflated petitioner's obligation to reasonably describe the documents with the agency's obligation to retrieve the documents if it has the ability to do so with reasonable effort.
The requirement that requested records be reasonably described exists to ensure that the responding agency has the ability to locate the records sought (see Matter of Konigsberg v Coughlin, 68 NY2d 245, 249 [1986]; Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 82-83 [1984]). In Konigsberg, the request of the petitioner, a person in the custody of the Department of Correctional Services, for " 'any and all files of records' " kept under his name or identification number reasonably described the records sought, notwithstanding the petitioner's failure to provide names of specific documents, type of content, or any approximate dates (68 NY2d at 247, 249-251). The Department's submissions established that it had located 95% of his institutional files (see id. at 248), thereby establishing that the Department understood what the documents were and knew where to locate them. Here, the DOE concedes that it understands what documents petitioner seeks and knows they are located in the agency's electronic email database. Indeed, the record establishes that the description in the request was sufficient for the DOE to fashion and run electronic searches which, if successful, would have retrieved the records sought. The fact that those searches timed out or failed to execute using the DOE's software is not determinative of the legal sufficiency of the request.
Whether the DOE can retrieve those documents with reasonable effort is a separate question, and we do not decide that question today. If it can retrieve the documents with reasonable effort, it must do so (see Public Officers Law § 89 [3] [a]). That rule has its origins in Matter of Data Tree, LLC v Romaine (9 NY3d 459 [2007]), wherein a county clerk denied a request for electronically maintained documents on the ground that the production of such documents would require the Clerk's Office to create a new record—something agencies are under no obligation to do in response to a FOIL request (see id. at 464). We reasoned that duplicating data maintained in transferable electronic format on a storage device is akin to copying paper records and concluded that, "if the records are maintained electronically by an agency and are retrievable with reasonable effort, that agency is required to disclose the information" (id. at 464-465). There was no dispute in Data Tree that the petitioner reasonably described the documents sought in its request. We articulated the reasonable effort requirement not as a facet of a petitioner's requirement to reasonably describe the documents sought, but as a requirement of the agency in responding to a written request in which the documents sought are reasonably described.
The following year, the legislature codified aspects of Data Tree, including the reasonable effort requirement, in Public Officers Law § 89 (3) (a) (see L 2008, ch 223, § 6). On its face, the reasonable effort language, as codified, applies to all instances where an agency is asked to make electronic records available and is best understood as providing that the responding agency must "retrieve or extract a record or data maintained" in a computer system unless doing so requires the agency to undertake unreasonable efforts (Public Officers Law § 89 [3] [a]). The amendment conforms with FOIL's consistent employment of a reasonableness standard in setting forth the myriad obligations of government agencies (see e.g. id. § 87 [3] [c], [5] [a]; id. § 89 [3] [b], [9]) and balances the importance of open government in a free society (see id. § 84) with the logistical complications encountered by agencies in [*2]making electronic records available upon request.[FN2] Nothing suggests that the legislature, in amending the statute, intended to modify the reasonable description requirement.
Despite the distinct nature and purposes of the reasonable description and reasonable effort requirements, several Appellate Division decisions have adopted a single test that merges those requirements (see e.g. Puig, 212 AD3d at 1026; Matter of Pflaum v Grattan, 116 AD3d 1103, 1104 [3d Dept 2014]; Matter of Goldstein v Incorporated Vil. of Mamaroneck, 221 AD3d 111, 119 [2d Dept 2023]). But as the decision below illustrates, application of that test has led to inconsistent outcomes (compare 222 AD3d at 421 [holding that the request in this case was not reasonably described because DOE's searches repeatedly timed out] with Goldstein, 221 AD3d at 120 [holding that requests were reasonably described even though the agency's search produced over 52,000 results]).
Evaluating the reasonable description and reasonable effort requirements separately should alleviate the confusion that the combined test has produced. Whether a requestor has reasonably described an electronic record does not turn on the degree of effort necessary to retrieve it, and the inability of an agency to retrieve a document with reasonable effort does not implicate whether the description in the request was sufficient to allow the agency to locate it.
Again, if a responding agency can retrieve the requested documents with reasonable effort, it must do so (see Public Officers Law § 89 [3] [a]). What constitutes reasonable effort is necessarily a case-specific determination, and efforts are not unreasonable solely because the agency declined to execute the requestor's preferred document retrieval method. While FOIL imposes no obligation on the agency at the administrative level to describe its efforts to retrieve the requested records, the agency might find it beneficial to describe its efforts in its correspondence with the requestor. At a CPLR article 78 proceeding to challenge an agency's denial of access to the documents on this ground, the agency has the burden to demonstrate that it cannot retrieve the requested documents with reasonable effort (cf. Konigsberg, 68 NY2d at 251 [placing the burden on the agency to establish that requested documents fall within a claimed statutory exemption]).
While the DOE's professed inability to retrieve the documents is not determinative of whether the request reasonably describes those documents, such inability may bear on whether the DOE has the ability to retrieve the documents with reasonable effort. We therefore conclude that the matter should be remanded to the DOE for a new determination under the proper standard.
Accordingly, the Appellate Division order should be reversed, with costs, and the matter remitted to that Court with directions to remand to respondent New York City Department of Education for further proceedings in accordance with this opinion.
Order reversed, with costs, and matter remitted to the Appellate Division, First Department, with directions to remand to respondent New York City Department of Education for further proceedings in accordance with the opinion herein. Opinion by Judge Troutman.
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Halligan concur.
Decided October 21, 2025

Footnotes

Footnote 1: Apart from these requirements, FOIL contains numerous exemptions (see Public Officers Law § 87 [2]; Matter of Konigsberg v Coughlin, 68 NY2d 245, 251 [1986]), but the agency has asserted none of those exemptions here.

Footnote 2: Because retrieving or extracting electronically stored documents is a task distinct from determining the physical location of paper records, we address only requests seeking electronic records.